Ducker, Judge:
The claimant, Rahall Realty Company, Incorporated, was and is the owner of a building known as the President Hotel, located at 309 Neville Street, Beckley, Raleigh County, West Virginia, containing approximately 15,000 square feet including a parking space basement.
On January 3, 1967, a lease of said property was made to the State of West Virginia by the Commissioner of Finance and Administration for a five month period from February 1, 1967, to June 30, 1967, at a rental of $2,000 per month, and on July 1, 1967, a second lease between said parties was entered into for a one-year period from July 1, 1967 to June 30, 1968, at a rental of $3,000 per month. These leases were for the use of said property by the Department of Welfare, and it was contemplated that the rent would be paid by the Raleigh County Court to the extent of fifty-four per cent and by Federal matching funds to the extent of forty-six per cent. The respective payment amounts were to be paid into a special account of the State and by the latter to the lessor. As the County Court of Raleigh County did not provide its share of these funds, the State did not receive any matching funds from the Federal Government, and, consequently, the rentals contracted for in the leases were not paid, and claimant now claims a total sum of $40,500.00 representing three months at $2,000.00 per month and twelve months at $3,000.00 per month, less $1,500.00 which is deducted because Lessor deprived Lessee of possession of the premises for two weeks in March, 1968.
*226 The record shows that there was not adequate room in the Raleigh County Court House to house the welfare department with approximately fifty-five employees, and office space was not available except to take over a building such as the one here involved with necessary extensive alterations and remodeling. The evidence shows that claimant expended approximately $92,000.00 in the making of such alterations and remodeling, although the same was originally estimated to cost about $65,000.00. The owner had previously been receiving $1,800.00 per month from the Army and about $1,000.00 per month from permanent guests without any alterations or remodeling. The amount of the rent provided for in the leases to the State was according to estimates and comparative values, fair. The Welfare Department took possession immediately in accordance with the terms of the first lease and continued to use and occupy said premises during the whole terms of said two lease agreements, but no rent was paid.
The Department of Welfare endeavored to get the Raleigh County Court to put into its budget and levy for the fiscal year 1967-1968 a sufficient amount to meet the County’s share of the Welfare Department’s cost in the matter, but it only provided the sum of $3,500.00 for all its welfare purposes. It appears that none of this appropriation was made applicable to this lease rent account.
The State Commissioner of Welfare by the Attorney General instituted a mandamus proceeding in the Supreme Court of Appeals of West Virginia seeking to compel the County Court of Raleigh County to amend its 1967-68 budget to include a sufficient amount to cover the rents specified in the leases, but the Supreme Court denied the petition, apparently for the reason that there was no clear legal right to require the County Court to do so, which left the State and the Lessor without any relief except through this Court which could waive the constitutional immunity of the State. So the case must be considered as to whether the claim is one on which the claimant could recover if the defendant were an individual or a private corporation, and is a claim which should in equity and good conscience be paid by the State. We believe that no defendant other than the State could escape liability for the rent indebtedness incurred where possession and use of the premises had *227 been obtained, the lessor had made expensive alterations, and the rent charges were fair and reasonable, surely on a quantum meruit basis.
It is indeed unfortunate that the State officers did not obtain the necessary action on the part of the Raleigh County Court to validate the contract in the beginning and place this burden on that county instead of on the State as a whole. The State officers purported to represent the State and while it may have been the duty of the Lessor to see that all legal prerequisites were met, nevertheless a citizen, relying upon the ability of and confidence in the public official and expending large sums of money to comply with the purported contract, should not in good conscience be deprived of his property, especially where the State has had full value in the matter.
We are, therefore, of the opinion to and do hereby award the claimant the sum of $40,500.00.
Award of $40,500.00.